IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASEY KAYE SCHMADER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 18-1336 |
| | ) | |
| ANDREW M. SAUL, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Casey Kaye Schmader ("Schmader") filed an application for a period of disability and disability insurance benefits in May of 2015. (R. 20)[1] She alleged disability based upon both physical and mental impairments beginning in February of 2015. (R. 20) She was represented by counsel at a hearing before an Administrative Law Judge ("ALJ"), during which both she and a vocational expert ("VE") appeared and testified. (R. 20) Ultimately, the ALJ denied benefits and the Appeals Council denied Schmader's request for review. She then filed this appeal. The parties have filed Cross-Motions for Summary Judgment. *See* ECF Docket Nos. 14 and 18. For the reasons set forth below, the ALJ's decision is affirmed.

### Opinion

1. Standard of Review

---

[1] The ALJ determined that Schmader meets the insured status requirements of the SSA through December 31, 2019. (R. 20).

1

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (citing *Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

Importantly, a district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995

(1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

As stated above, the ALJ denied Schmader's claim for benefits. More specifically, at step one, the ALJ found that Schmader has not engaged in substantial gainful activity since the alleged onset date. (R. 22) At step two, the ALJ concluded that Schmader suffers from the following severe impairments: inflammatory arthritis, fibromyalgia, degenerative disc disease, bilateral carpal tunnel syndrome, obstructive sleep apnea, anxiety, and depression. (R. 22-23) At step three, the ALJ determined that Schmader does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R.23-24) Between steps three and four, the ALJ decided that Schmader has the residual functional capacity ("RFC") to perform sedentary work with certain restrictions. (R. 24-29) At step four, the ALJ found that Schmader is unable to perform her past relevant work. (R. 29) At the fifth step of the analysis, the ALJ concluded that, considering Schmader's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (R. 29-30)

III. Discussion

Schmader takes issue with the weight the ALJ accorded to the opinion proffered by Dr. Newsome, her rheumatologist. According to Schmader, the ALJ should have given Newsome's opinion "controlling weight." As a colleague of mine recently observed, for claims filed before March 27, 2017, such as this one, the regulations provide that a treating physician's opinion be given controlling weight provided that the opinion is well-supported by "medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." *Lyons v. Berryhill*, Civ. No. 18-1106, 2019 WL 4094701, at * 1 n. 1 (Aug. 29, 2019*), citing*, 20 C.F.R. § 404.1527(c)(2); *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001) and *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). Consequently, "the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Lyons*, 2019 WL 4094701, at * 1 n. 1, *citing*, *Plummer*, 186 F.3d at 429.

The ALJ gave Newsome's opinion "partial" weight. (R. 28)[2] Specifically, she gave Newsome's findings as to lifting, carrying, standing and walking partial weight because

---

[2] Newsome completed a checkbox form statement in which she indicated that Schmader could occasionally lift and carry up to 20 pounds; could sit, stand and work for 2 hours at a time without interruption; and, in an 8-hour workday, could sit for a total of 4 hours, stand for a total of 2 hours and walk for a total of 2 hours. (R. 519-20) According to Newsome, Schmader does not need a cane to ambulate, can occasionally engage in overhead reaching, handling, fingering, and feeling with her right and left hands, but should never engage in other forms of reaching and pushing / pulling. (R. 520) Similarly, Newsome opined that Schmader could occasionally climb stairs and ramps, but could never operate foot controls, climb ladders or scaffolds, balance, stoop, kneel, crouch or crawl. (R. 521-22) Schmader is able to shop, travel without a companion for assistance, ambulate without an assistive device, use public transportation, prepare a simple meal and care for her personal hygiene. (R. 524) Newsome also declared Schmader unable to walk a block at a reasonable pace on uneven or rough surfaces, to climb a few steps at a reasonable pace with the use of a single handrail, and sort, handle and use paper / files. (R. 524)

she found those conclusions to be "generally consistent with [Newsome's] longitudinal clinical findings, which support an ability to perform a range of sedentary work." (R. 28)[3] In contrast, she rejected Newsome's remaining findings as "not entirely consistent with the objective and subjective evidence of record." (R. 28) [4] Inconsistency with other evidence is a valid reason for discounting opinion evidence. *See* 20 C.F.R. §§ 404.1527; 416.927. Further, subjective evidence supports the ALJ's conclusion in this regard. For instance, as the ALJ noted, Newsome opined that Schmader could never operate foot controls or ambulate effectively over rough or uneven terrain. (R. 524) Yet Schmader reported an ability to perform other tasks which require her to use her feet, ambulate and balance – such as regularly walking for exercise, gardening, cleaning her home and driving for sixty minutes at a time. (R. 28) Because the ALJ provided "good reasons" for giving Newsome's opinion only partial weight, and because substantial record evidence supports the ALJ's decision in this regard, there is no basis for remand.

---

[3] Schmader argues elsewhere in her brief that the RFC does not adequately account for Newsome's limitations regarding sitting, which, according to Schmader, the ALJ accepted as consistent with the evidence. *See* ECF Docket No. 15, p. 10-12. Contrary to Schmader's urgings, the ALJ did not adopt Newsome's 4 hour sitting limitation. (R. 28) Further, Newsome's opinion that Schmader is able to stand and walk for 2 hours in an 8-hour workday is not tantamount to a declaration that Schmader is required to stand and walk for 2 hours in an 8-hour workday. Consequently, I find her arguments in this regard uncompelling.

[4] Schmader references "health assessment questionnaires" in support of her contention that Newsome's records are consistent with Newsome's opinion. *See* ECF Docket No. 15, p. 7. Yet these questionnaires appear to have been completed by Schmader and merely signed off on by Newsome. As the Defendant notes, "[a] medical source does not transform the claimant's subjective complaints into objective findings simply by recording them." *Sayler v. Astrue*, Civ. No. 11-268, 2013 WL 53730, at * 3 (W.D. Pa. Jan. 3, 2013), *quoting, Hatton v. Comm'r. of Soc. Sec.*, 131 Fed. Appx. 877, 879 (3d Cir. 2005).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASEY KAYE SCHMADER )
    Plaintiff, )
 )
 -vs- ) Civil Action No. 18-1336
 )
ANDREW M. SAUL, )
 )
    Defendant. )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 24th of September, 2019, it is hereby ORDERED that the Plaintiff's Motion for Summary Judgment (Docket No. 14) is DENIED and the Defendant's Motion for Summary Judgment (Docket No. 18) is GRANTED. It is further ORDERED that this case be marked "Closed" forthwith.

                              BY THE COURT:

                              /s/ Donetta W. Ambrose
                              Donetta W. Ambrose
                              United States Senior District Judge